**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 19 2007

GREGORY C. LANGHAM
CLERK

July 18, 2007

Mr. Ricky Dean Saathoff
Buena Vista Correctional Facility
#49084
P.O. Box 2017
Buena Vista, CO 81211-2017

> Re:     07-1212, Saathoff v. Broaddus
>         Dist/Ag docket:  07-cv-808-BNB

Dear Movant:

Enclosed is a copy of the court's final order.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:

Deputy Clerk

clk:sts

cc:
      Honorable Boyd N. Boland, Magistrate Judge
      Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

RICKY DEAN SAATHOFF,

      Movant,

v.

MARK BROADDUS; JOHN
SUTHERS, Attorney General of the
State of Colorado,

      Respondents.

No. 07-1212
(D.C. No. 07-cv-808-BNB)

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

ORDER

Filed July 18, 2007

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

This proceeding originated in the district court, where movant Ricky Dean
Saathoff filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.
Noting that Mr. Saathoff had filed a prior habeas proceeding with respect to the
same underlying conviction, the district court transferred the matter here to afford
him the opportunity to seek authorization for a second or successive application
under 28 U.S.C. § 2244(b).  *See Coleman v. United States*, 106 F.3d 339, 341
(10th Cir. 1997).  Mr. Saathoff followed up with a formal motion for § 2244(b)

authorization some time thereafter.  We deny the motion for the reasons explained below.

Mr. Saathoff's claim is not presented with precision.  For one thing, it is stated as a single objection in his motion for authorization but as several claims in the application filed below (which also includes an anomalous prayer for relief alluding to an alleged jurisdictional defect that has nothing to do with the rest of the application or the motion for authorization).  The general thrust is that a post-judgment effort in the Colorado courts under Colo. R. Crim. P. 35(c) seeking DNA testing of certain evidence was frustrated through improper enforcement of a stipulation by Mr. Saathoff dismissing the Rule 35 proceeding.  The objection to the stipulation has, however, varied: in his motion for authorization, Mr. Saathoff contends that the State failed to fully comply with the promise of DNA testing it gave in exchange for the stipulation, *see* Motion for Leave to File a Second or Successive Habeas Corpus Petition at 6; his application for habeas relief filed below asserts that he lacked mental capacity to waive the rights lost through the stipulation and that the state courts have improperly enforced the waiver, *see* Application for a Writ of Habeas Corpus at 13.

Insofar as Mr. Saathoff's aim here is to secure an order directing the State to produce evidence for DNA testing, this matter touches on an unsettled question of habeas/civil rights procedure.  Several years ago, the Fourth and Fifth Circuits held that a claim seeking access to evidence for DNA testing is merely a first step

-2-

toward a collateral attack on the plaintiff's conviction and has to be brought in a

habeas proceeding rather than an action under 42 U.S.C. § 1983, pursuant to the

rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Harvey v. Horan*, 278 F.3d 370,

375 (4th Cir. 2002); *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41

(5th Cir. 2002) (following *Harvey*). The next four circuits to consider the matter

disagreed. In their view, *Heck* does not apply because granting relief in such a

case, i.e., permitting DNA testing, would imply nothing about the validity of the

conviction; should the testing prove exculpatory, then and only then would a

habeas action be necessary to challenge the underlying conviction based on the

test results. *McKithen v. Brown*, 481 F.3d 89, 99-103 (2d Cir. 2007) (following

*Savory v. Lyons*, 469 F.3d 667, 669 (7th Cir. 2006); *Osborne v. Dist. Attorney's*

*Office*, 423 F.3d 1050, 1054 (9th Cir. 2005); *Bradley v. Pryor*, 305 F.3d 1287,

1290-91 (11th Cir. 2002)).

We need not definitively resolve this question here, however, because even

if § 1983 could have been used as an alternative to § 2254 without running afoul

of *Heck*, that does not mean the district court erred in treating the instant matter at

face value as a (second or successive) habeas application. Numerous decisions

reflect the use of discovery under Rule 6(a) of the Rules Governing § 2254 Cases

as a proper means to seek DNA testing of evidence relating to a conviction under

collateral review. *See, e.g., Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997);

*Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996); *see also In re Braxton*,

258 F.3d 250, 255 (4th Cir. 2001) (refusing to disturb district court's Rule 6(a)

DNA discovery order through interlocutory appeal or mandamus); *cf. LaFevers v.*

*Gibson*, 182 F.3d 705, 722-23 (10th Cir. 1999) (reviewing merits of discovery

ruling regarding DNA testing in habeas context with no suggestion that procedure

is in any way inapt); *Stouffer v. Reynolds*, 168 F.3d 1155, 1172-73 (10th Cir.

1999) (same). There was nothing legally improper in Mr. Saathoff's choice to

proceed by way of habeas and, thus, when it was evident that he had filed a prior

petition, the district court appropriately transferred the matter to this court for

review under § 2244(b). In short, whatever the theoretical availability of a claim

under § 1983, this is not a case where a non-habeas pleading was misconstrued as

a second or successive petition, necessitating a remedial remand. *Cf. Peach v.*

*United States*, 468 F.3d 1269, 1272 (10th Cir. 2006) (holding Rule 60(b) motion

was misconstrued as second or successive application and remanding matter for

disposition on merits by district court).

The problem for Mr. Saathoff is that the habeas petition he wants to pursue

would not satisfy the conditions for authorization under § 2244(b), even assuming

a favorable result from the DNA testing he seeks. He does not invoke any new,

retroactive rule of constitutional law, so § 2244(b)(2)(A) is not applicable. And

while § 2244(b)(2)(B) turns on evidence of innocence, it requires more than that.

A bare claim of innocence, without a tie to constitutional error in the proceedings

leading to conviction, is insufficient to satisfy the statutory requirement of a

-4-

claim based on "evidence that, *but for constitutional error*, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii) (emphasis added); *see, e.g., LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (holding stand-alone claim of actual innocence would not support second or successive habeas application, citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

Mr. Saathoff does complain of the constitutional adequacy of the process he was afforded in the state Rule 35 proceeding. But, as this court has explained on numerous occasions, "due process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding." *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) (collecting cases). *A fortiori*, such challenges cannot provide a cognizable basis for authorization of a second or successive habeas petition.

Authorization to file a second or successive habeas application is DENIED. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By:
Deputy Clerk